## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SHAWN CUNNINGHAM, *pro se,*

    Plaintiff,

v.                                           Case No. 8:12-cv-823-T-30TGW

CITY OF DADE CITY, FLORIDA, et al.,

    Defendants.
_____/

## ORDER

    Plaintiff, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1), and a motion to proceed in this action *in forma pauperis* (Dkt. 2).[1] Plaintiff names Dade City, Florida, and Curtis Vigness and Edward Tucker, former deputies with the Pasco County Sheriff's Department, as defendants in this action. Plaintiff alleges in his complaint that on September 30, 2008, Vigness and Tucker violated Plaintiff's Fourth Amendment rights when they used excessive force while apprehending him. Plaintiff also alleges that Dade City failed to establish adequate customs, policies, or procedures on handling "suicide situations," or failed to enforce its own policies and procedures concerning the handling of "suicide situations." As relief, Plaintiff seeks compensatory and punitive damages.

---

[1] On April 18, 2012, the Court granted Plaintiff's motion to proceed *in forma pauperis* (Dkt. 5).

## ANALYSIS

Under 28 U.S.C. § 1915A, a district court must screen prisoners' civil complaints against government officials or entities and dismiss the complaints if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. In pertinent part, § 1915A provides:

>   (a)   Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
>   (b)   Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
>       (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>       (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and prisoners who pay the requisite filing fee.

The procedure required by § 1915A is by its terms a screening process, to be applied *sua sponte* and as early as possible in the litigation. *See* 28 U.S.C. § 1915A(a). Because defendants are either a governmental entity or employee, Plaintiff's complaint is subject to review pursuant §1915A.

**I.      Official Capacity Claims Against Vigness and Tucker**

Plaintiff sues Vigness and Tucker both individually and in their official capacity as Pasco County deputies (Dkt. 1, page 4, paragraph 14). "[W]hen an officer is sued under Section 1983 in his or her official capacity, the suit is simply another way of pleading an action against an entity of which an officer is an agent." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)) (internal quotation marks omitted). Such suits against municipal officers are actually suits directly against the entity that the officer represents. *Id*.

Keeping Vigness and Tucker as defendants in their official capacity in Plaintiff's suit against Dade City would be "redundant and possibly confusing to the jury." *Busby*, 931 F.2d at 776. The Court, therefore, will dismiss the section 1983 Fourth Amendment excessive force claim against Vigness and Tucker in their official capacity with prejudice. *See Cannon v. City of Sarasota*, 2010 U.S. Dist. LEXIS 25099, 2010 WL 962934 at *3 (M.D.Fla. 2010) (Covington, J.); *Rodriguez v. City of Clermont*, 2009 U.S. Dist. LEXIS 11405, 2009 WL 395737 at *4-5 (M.D.Fla. 2009) (Hodges, J.); *Pete's Towing Co. v. City of Tampa*, 2008 U.S. Dist. LEXIS 91871, 2008 WL 4791821 at *11 (M.D.Fla. 2008) (Merryday, J.).

**II.     Claims Against Dade City**

Plaintiff names Dade City as a defendant. Local government entities can be sued for violations of constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). The violation, however, must bear some relation to the entities' "policies or customs." *Id.* at 690-91. "[M]unicipalities may be held liable under § 1983 only for acts *for which the*

*municipality itself is actually responsible*[.]" *St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) (emphasis added). A municipality may be held accountable for the deprivation of a person's constitutional rights when " there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).

Plaintiff alleges that Dade City failed to enact or enforce policies or procedures for, or failed to properly train, law enforcement officers concerning how to handle "suicide situations." Plaintiff does not allege, however, that Vigness and Tucker were Dade City employees at the time of the alleged constitutional violation.[2] Instead, Plaintiff alleges that Vigness and Tucker were "officers of the Pasco County Sheriff's Office[.]" (Dkt. 1 at page 4). Plaintiff has not alleged any facts showing that there was a nexus between Vigness and Tucker's actions and any action by a Dade City employee, or that Dade City is somehow responsible for the actions of Pasco County deputies. Therefore, Plaintiff fails to state a claim for relief against Dade City because he fails to allege a causal link between a policy or custom of Dade City's and the constitutional violation. Accordingly, the claims against Dade City are dismissed without prejudice.

**LEAVE TO AMEND**

Within **thirty (30) days** from the date of this Order, Plaintiff shall submit an amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a

---

[2]The only connection Plaintiff alleges between Vigness and Tucker and Dade City is that Dade City is located in Pasco County (Dkt. 1 at page 3).

court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original complaint by reference. **The amended complaint supersedes the original complaint, and all claims must be raised in the amended complaint.**

Plaintiff *must* limit the allegations in his amended complaint to claims related to the claims asserted in the original complaint, and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place Defendants' names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of, and facts regarding, the alleged illegal acts. In the section entitled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations. Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this Court.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's complaint (Dkt. 1) is **DISMISSED** without prejudice.

2. The Clerk of Court is directed to mail with Plaintiff's copy of this Order a court-approved form for filing a civil rights complaint. This case number should be written on the form.

3. Plaintiff has **thirty (30) days** from the date of this Order to file an amended complaint, submitted on the court form, in compliance with this Order.

4. If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court **shall**, without further notice, **dismiss** this action.

**DONE** and **ORDERED** in Tampa, Florida on May 10, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro se* Plaintiff