UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAWN CUNNINGHAM,

    Plaintiff,

v.                                                  Case No. 8:12-cv-823-T-30TGW

CURTIS VIGNESS, et al.,

    Defendants.
_____/

**ORDER**

Before the Court are Plaintiff's Amended Complaint (Dkt. 8) and "Request to Order the City of Dade City to Furnish and/or Provide the Location of Defendants Curtis Vigness and Edward Tucker for the Process of Service by the U.S. Marshall [sic]" ("motion") (Dkt. 10). In his motion, Plaintiff asserts that Defendants are no longer employees of the Pasco County Sheriff's Office, and he does not know their home or work addresses. Therefore, Plaintiff requests the Court order the City of Dade City, Florida, to provide the Court with Defendants' current home or work addresses in order to effectuate service of process on Defendants.

    Plaintiff's request to order the City of Dade City to provide Defendants' current addresses will be denied. As the Court noted in its May 10, 2012 Order dismissing Plaintiff's original complaint without prejudice, Defendants were employed by the Pasco County

Sheriff's Office, not the City of Dade City (Dkt. 6 at p. 4). Consequently, there is no indication that the City of Dade City would have record of Defendants' current addresses.

It is possible, however, that the Pasco County Sheriff's Office has Defendants' current addresses on file. Because Plaintiff is a *pro se* inmate proceeding *in forma pauperis*, he may reasonably rely on the U.S. Marshals Service to properly execute the service of a summons on a defendant. *See Richardson v. Johnson*, 598 F.3d 734, 739-40 (11th Cir. 2010) (per curiam). Further, "[i]t is unreasonable to expect incarcerated and unrepresented prisoner--litigants to provide the current addresses of prison-guard defendants who no longer work at the prison." *Id*. at 739-40.[1]

Accordingly, the Court **ORDERS** that:

1. Plaintiff's "Request to Order the City of Dade City to Furnish and/or Provide the Location of Defendants Curtis Vigness and Edward Tucker for the Process of Service by the U.S. Marshall [sic]" (Dkt. 10) is **DENIED**.

2. Pursuant to *Richardson v. Johnson*, within thirty (30) days from the date of this Order, the United States Marshals Service shall use "reasonable efforts" to locate and personally serve Defendants Curtis Vigness and Edward Tucker.

3. The United States Marshals Service is further directed to **REDACT** the addresses of Defendants once service of process has either been obtained or attempted, and

---

[1] Plaintiff does have the option to ask family or friends, or hire a private investigator to locate Defendants to effect service of the Amended Complaint on Defendants. Plaintiff shall advise the Court on or before June 30, 2012, whether he will hire a private investigator or otherwise attempt to obtain Defendants' addresses and serve Defendants with the Amended Complaint.

in any event, before filing proof of service documents or any other document which contains the addresses of Defendants.[2]

4. The Clerk shall send a copy of this order to the United States Marshals Service.

**DONE** and **ORDERED** in Tampa, Florida on June 21, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

---

[2] *See* FLA. STAT. § 119.071(4)(d) 1.a. ("The home addresses, telephone numbers, social security numbers, and photographs of active or former law enforcement personnel … are exempt from s. 119.07(1) [which permits public access to other information contained in public records]"). *See also Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (use of Marshals Service to effect service alleviates security risks in providing addresses of law enforcement employees to prisoners).